IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03305-BNB

EDWARD HUDSON,

    Applicant,

v.

MICHAEL MILLER, Warden, Crowley County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Edward Hudson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Hudson initiated this action by filing *pro se* on December 19, 2012, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in Denver District Court Case No. 04CR2010. Mr. Hudson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On December 20, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). ECF No. 4. On January 3, 2013, Respondents submitted their pre-answer response (ECF No. 7). On February 4, 2013, after being granted an extension of time, Mr. Hudson filed a reply (ECF No. 10) to the pre-answer response.

The Court must construe Mr. Hudson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On October 21, 2004, Mr. Hudson pleaded guilty in Denver District Court Case No. 04CR2010 to second-degree murder, first-degree arson, and one count of crime of violence. ECF No. 7, ex A (state court register of actions) at 12, ex. B (*People v. Hudson*, No. 10CA0502 (Colo. Ct. App. June 23, 2011) (unpublished)) at 3. On January 20, 2005, he was sentenced to consecutive terms of forty-eight years in prison for second-degree murder and fifteen years for first-degree arson, plus five years of mandatory parole. ECF No. 7 at 4, ex. A at 12, ex. B at 3. He did not appeal directly from his convictions and sentences.

On May 17, 2005, he filed a motion for reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure (ECF No. 7, ex. A at 11), which the trial court denied on August 22, 2005. ECF No. 7, ex. A at 10. Mr. Hudson did not appeal. See ECF No. 7, ex. B at 3, n.1.

On Thursday, October 19, 2006, he filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (ECF No. 7, ex. A at 10), which the trial court denied on January 27, 2010. ECF No. 7, ex. A at 8. On June 23, 2011, the Colorado Court of Appeals affirmed. ECF No. 7, ex. B. On October 24, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 7, ex. C. On December 19, 2012, Mr. Hudson filed the instant habeas corpus application in this

Court. On January 12, 2012, Mr. Hudson filed a second Colo. R. Crim. P. 35(c) postconviction motion in the trial court. ECF No. 7, ex. A at 7. Respondents maintain the motion currently is pending before the trial court. On February 25, 2013, Mr. Hudson notified the Court that he was warned on February 13, 2013, by the trial court that any further Colo. R. Crim. P. 35(c) motions raising the same or substantially similar claims would be denied as successive. ECF No. 11 at 3.

Mr. Hudson asserts two claims in the instant habeas corpus action:

(1)   That his guilty plea was not knowing and voluntary (ECF No. 1 at 5), and

(2)   That he had ineffective assistance of counsel (ECF No. 1 at 6).

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Hudson's criminal case became final. The sentence in Mr. Hudson's criminal case was entered on January 20, 2005. Because Mr. Hudson did not file a direct appeal, the Court finds that his conviction became final on Sunday, March 5, 2005, forty-five days after he was sentenced. *See* Colo. App. R. 4(b) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). As such, the one-year statute of limitations appears to have began to run on Monday, March 6, 2005, the next business day after the conclusion of the time to appeal. *See* Colo. App. R. 26(a) (time period ending on a weekend or holiday expires on the next court business day).

The Court next must determine whether any of Mr. Hudson's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a post-conviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 70 days before Mr. Hudson filed his motion for reduction of sentence pursuant to Colo. R. Crim. P. 35(b) on May 17, 2005. Mr. Hudson then had 45 days from August 22, 2005, when the trial court ruled on the postconviction motion, or until October 6, 2005, to seek an appeal under state law. *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b). He failed to do so. As such, the limitations period began to run on October 7, 2005, and expired 295 days later on July 29, 2006, 82 days before Mr. Hudson filed his first Colo. R. Crim. P. 35(c) post-conviction motion on October 19, 2006. The Rule 35(c) motion failed to toll the one-year limitation period because the one-year limitation period expired on July 29, 2006. Any motions subsequent to expiration of the one-year limitation period could not have tolled that period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, Respondents argue, the habeas corpus application is time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id*. at 324. Mr. Hudson's ignorance of the law does not justify the extraordinary remedy

of equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

In his reply (ECF No. 10) to the pre-answer response, Mr. Hudson makes confusing allegations that the one-year limitation period should be equitably tolled because counsel apparently failed to appeal from the denial of his Colo. R. Crim. P. 35(b) postconviction motion.  ECF No. 10 at 4-5.  However, Mr. Hudson's apparent assertion that he is entitled to equitable tolling based on the Supreme Court's narrow holding in *Martínez v. Ryan*, 132 S. Ct. 1309 (2012), is misplaced.  In *Martínez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.  The *Martínez* decision does not address the one-year limitation period in § 2244(d) or the issue of equitable tolling in any context.  Accordingly, Mr. Hudson has failed to demonstrate that equitable tolling applies.  Therefore, under § 2244(d), Mr. Hudson is time-barred from filing a federal habeas corpus action in this Court.  Because the action is time-barred, the Court will refrain from addressing whether Mr. Hudson has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hudson files a notice of appeal he must also pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  1st  day of    May    , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court